## In re FANCHER'S ESTATE.
No. 16487.

County Judge's Court, Palm Beach County.

November 22, 1960.

Horner C. Fisher of Fisher, Dickinson & Prior, West Palm Beach, for petitioner.

RICHARD P. ROBBINS, County Judge.

Frank Trigg Fancher, domiciled at the time of his death in West Palm Beach, died December 16, 1959, leaving his last will and testament dated and executed on July 31, 1945, and admitted to probate and record in this court on January 29, 1960, where he gave, devised and bequeathed his entire estate one-half to his wife, Ethelyn G. Fancher, one-third to his daughter by a previous marriage, Notie S. Frater, and one-sixth to his daughter Frances Fancher, explaining therein that his reason for limiting the said daughter Frances to one-sixth was that she would be the only heir of her mother, and said testator nominated and appointed his wife, Ethelyn G. Fancher, as sole executrix of said will. Ethelyn G. Fancher duly qualified and received letters testamentary on January 29, 1960, and remains the duly qualified and acting executrix of said will.

On February 8, 1956, some ten and a half years after the execution of the will, the decedent gave and caused to be transferred unto his daughter Notie S. Frater 164 shares of American Telephone & Telegraph Co. stock and at or about the same time expressed his purposes and intentions respecting the gift by a letter dated February 8, 1956, a signed copy of which was placed by decedent with and remained with his will until after his death, which copy has been received in evidence in this cause, and is set forth in full below —

Dear Notie:

I can give thirty thousand dollars to you without a gift tax. So I am transferring to you 164 shares of American Telephone Company stock. This will be sent to you direct by the Company.

The Company has paid since 1932 nine dollars per share dividend. Dividend dates are January, April, July and October, on the 10th of the month. So you may expect on April 10th a quarterly payment of $369.

I have made a will in which you are remembered and this gift is to take effect now but is an advancement under the will and in the distribution of my estate will be charged as a part of what you will receive under the will.

Ethelyn is advised about this and she will carry out my wishes as Executrix.

What I am giving Ethelyn is not subject to estate or inheritance taxes. What I give you would be subject to the inheritance taxes if I waited but by taking this course and making the gift now you will receive this gift now and under the law it will not be subject to the inheritance taxes. As much as thirty thousand dollars can be given without taxes.

I am counting this gift at thirty thousand dollars, which is the limit. This telephone stock is quoted on the market at $184 now. It has been as high as $187 but it is subject to change and in the past year has been as low as $175 a share.

Do not be alarmed by this letter. I am in fine health. I am not making any advancement to Frances at this time. She is still under our care. She will be sole heir of her mother. You have received the old home and I have paid taxes for you. These former gifts to you and to her are not to be counted as advancements but as absolute gifts and not to be made up in the final distribution. The amount of this gift to you, on the contrary, is an advancement and to be taken into account in the final distribution and to be charged against you as a receipt of a part of my estate, but you are not to be charged with any receipts of dividends hereafter or for interest on the gift. Keep this letter as evidence of my intention.

Yours with love,

Frank T. Fancher

Ethelyn G. Fancher, individually and as executrix, has filed in this cause her petition seeking the determination and adjudication by this court of the effect of the said gift and letter of decedent and of his purposes and intentions as therein expressed, and the respective shares in which the widow and two daughters are entitled to receive the assets of decedent's estate in distribution thereof, and in and by said petition named the daughters, Notie S. Frater and Frances Fancher as respondents. Each of the daughters has filed a waiver of the issuance of citation, and answer and consent, admitting the truth of the factual allegations of the petition, and consenting to the immediate determination and adjudication in said petition prayed. The respondent Notie S. Frater further has specifically admitted receiving the gift of 164 shares of American Telephone & Telegraph Co. stock and receipt of the original letter of February 8, 1956, as above set forth.

The matter thereupon came on for hearing and final disposition upon the petition, waivers and answers, and the evidence introduced before and received by the court, and the court being fully advised, upon due consideration of all pertinent portions of the record in this cause, and particularly of the will of said decedent, the letter and gift of February 8, 1956, and the pleadings of the parties, now enters this order.

It appears and the court finds that the facts hereinbefore recited are true; that the decedent, Frank Trigg Fancher, from and after the year 1925 and until his death was a distinguished member of the Bar of Palm Beach County, well versed in the law and fully capable of expressing his purposes and intentions with clarity and precision, which was done both in his will of July 31, 1945, and the letter of February 8, 1956, and it is proper, just and lawful that such purposes and intentions be effectuated by this order.

Thereupon, it is considered, ordered and adjudged as follows —

That in and by said letter and the accompanying gift to his daughter, Notie S. Frater, of 164 shares of American Telephone & Telegraph Co. stock of the then approximate value of $30,000 the testator intended the gift to take effect in partial or pro tanto satisfaction of the legacy to her, and that the intent and purpose of testator was and is in all respects clear and lawful and should be now effectuated.

That after due and proper payment or provision for the payment of debts, family allowance, estate and inheritance taxes, claims, charges and expenses of administration, and for providing funds for contribution or enforcing equalization in case of advancements, in computing the respective shares of the three legatees and devisees, the sum of $30,000 should be considered as added to the distributable estate, and of the resulting total the widow, Ethelyn G. Fancher, should receive in distribution a sum of assets of the value of one-half thereof, the said Notie S. Frater should receive a sum or assets of the value of one-third thereof less $30,000 and the said Frances Fancher should receive a sum or assets of the value of one-sixth thereof.

That the executrix is directed to proceed with the administration of said estate accordingly.